IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSE LUIS WONG, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:20cv00037 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| J.C. STREEVAL, | ) | By: Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Respondent.[1] | ) | |

Jose Luis Wong, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Relying on 28 U.S.C. § 2255(e), Rehaif v. United States, __ U.S. __, 139 S. Ct. 2191 (2019), and In re Jones, 226 F.3d 328 (4th Cir. 2000), Wong seeks to invalidate his convictions for two firearms charges in the United States District Court for the Southern District of Florida in 2008, Case No. 1:08cr20380. Respondent has filed a response in opposition to the petition, arguing that the court lacks jurisdiction over the petition, Wong has procedurally defaulted his claims, and his claims fail on the merits. Upon review of the record, the court concludes that the petition must be dismissed.

I.

Wong is in the custody of the Warden of United States Penitentiary ("USP") Lee. In 2008, Wong was convicted in the Southern District of Florida of all seven counts of a superseding indictment charging him with Hobbs Act, narcotics, and firearms crimes. Wong had a previous conviction in Florida state court for felony drug offenses. Based on this conviction, Wong was sentenced to an aggregate term of 600 months' imprisonment, followed by ten years of supervised

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Warden J.C. Streeval is **SUBSTITUTED** for Warden Breckons as respondent in this action.

release. Wong appealed, and the Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence.

Wong next filed a demand for dismissal of the superseding indictment based on fraud pursuant to Fed. R. Civ. P. 60(b) in the sentencing court. Following the government's opposition, Wong requested that the court not recharacterize the motion as a motion to vacate under 28 U.S.C. § 2255 and that it dismiss the motion for lack of jurisdiction. The court subsequently dismissed Wong's Rule 60(b) motion.

In October of 2011, Wong filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255 in the Southern District of Florida, raising a total of eleven claims of ineffective assistance of trial and appellate counsel and/or other claims under the ineffective assistance umbrella. A magistrate judge recommended denial of the motion to vacate, and, following her recommendation, in June of 2012 the sentencing judge denied Wong's § 2255 motion.

More recently, Wong filed a motion to dismiss Counts One, Two, and Five of the superseding indictment pursuant to Davis v. United States, __ U.S. __, 139 S. Ct. 2319 (2019), in the sentencing court. The court dismissed the motion for lack of jurisdiction as an unauthorized second or successive § 2255 motion. Wong subsequently sought leave from the Eleventh Circuit to file a second or successive § 2255 motion based on Davis and Rehaif. The Eleventh Circuit granted the motion in part, allowing him to proceed with his Davis claim in the district court, and denied it in part, disallowing his Rehaif claim based on circuit precedent. Wong's second motion to vacate was recently denied by the Southern District of Florida.

Wong filed a previous habeas petition in this court, Civil Action No. 7:19cv00278, claiming that his sentence was unlawfully enhanced based on a conviction which did not qualify as a felony drug offense; he was actually innocent of the Hobbs Act robbery and narcotics counts;

and his convictions and concurrent sentences for those counts were multiplicitous and impermissibly punished him twice for the same offense. The court dismissed the petition for lack of jurisdiction.

In the current petition, filed on January 15, 2020, Wong challenges his convictions under 18 U.S.C. §§ 922(g) and 922(k) for being a felon in possession of a firearm and possessing a firearm with an obliterated serial number, respectively. Respondent filed an opposition to the petition on August 25, 2020, and on September 4, 2020, Wong filed a reply to respondent's opposition.

Wong raises two challenges in the current petition. First, he argues that he is actually innocent of violating § 922(g)(1) because he did not know that he belonged to a group of people prohibited from possessing a firearm and that the Government failed to prove at trial that he had the requisite knowledge. Second, Wong claims that he is actually innocent of the § 922(k) charge as well, because he was not aware that the serial number had been obliterated from one of the firearms and the Government failed to prove during his trial that he was aware the serial number had been obliterated.

## II.

A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 challenging a federal court judgment unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); see United States v. Wheeler, 886 F.3d 415, 419 (4th Cir. 2018); Jones, 226 F.3d at 333. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely

because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[2]

The United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 328 F.3d at 333-34; see also Wheeler, 886 F.3d at 429 (setting forth similar requirements for challenges to sentences under savings clause). If any one of the requirements is not met, the court is deprived of jurisdiction and may not "entertain[] [the petition] to begin with." Wheeler, 886 F.3d at 425. Wong bears the burden of proving subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

In evaluating the substantive law in a § 2255(e) savings clause analysis, the court must "look to the substantive law of the circuit where a defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019). The Florida district court where Wong was convicted is within the Eleventh Circuit. 28 U.S.C. § 41. Accordingly, while the court must apply the procedural standard in Jones, it must do so using Eleventh Circuit substantive law. Id.

### III.

Wong first argues that he was unlawfully convicted of violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm, based on the Supreme Court's decision in Rehaif. Pet. at

---

[2] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

11, 13. He states that he "cannot get relief in the Eleventh Circuit because of a binding Court Precedent. The Court, however, determined that [he is] entitled to seek relief in [his] district where [he is] incarcerated." Id. at 6.[3]

Section 922(g) "provides that it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision shall be fined or imprisoned for up to 10 years." Rehaif, 139 S. Ct. at 2194; see also 18 U.S.C. § 922(g). In Rehaif, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. According to Wong, he was unaware that it was against the law for him to possess a weapon because he was a convicted felon and, further, that the Government failed to prove the knowledge of status element at trial. (Pet. at 11.)

As noted above, the court may not entertain Wong's § 2241 petition unless he can satisfy the conditions set forth in Jones. See Asar v. Travis, No. 6:20-cv-00394, 2020 WL 1099391, at *5 (D.S.C. Feb. 10, 2020) ("Asar I") ("To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in United States v. Wheeler or In re Jones."), adopted by 2020 WL 3843638 (D.S.C. July 8, 2020) ("Asar II"). "If any one of the requirements is not met, the court is deprived of jurisdiction and may not entertain the petition to begin with." Ledzema-Rodriguez v. Brecken, No. 7:18-cv-00268, 2019 WL

---

[3] Wong's reference is to the opinion of the concurring circuit judge regarding his application for leave to file a second or successive § 2255 motion in the district court that Wong "may be able to use § 2255(e) to bring a second or successive habeas claim testing the legality of his conviction (and therefore his detention) under 28 U.S.C. § 2241." Pet., Att. at 16-17; see also id. at 23. The court notes, however, that the circuit judge did not say that Wong was entitled to relief on his Rehaif claim, just that he may be entitled to seek relief.

4644556, at *2 (W.D. Va. Sept. 24, 2019) (quoting Wheeler, 886 F.3d at 425).

Respondent argues that Wong fails to satisfy the requirements of § 2241. Opp. at 16. Specifically, respondent contends that Wong cannot meet the second requirement of Jones because the conduct for which he was convicted remains criminal after Rehaif. Id. at 20. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law "such that the conduct of which the prisoner was convicted is deemed not to be criminal[,]" Jones, 226 F.3d at 334, because that conduct, being a felon in possession of a firearm, is still illegal, see, e.g., Asar II, 2020 WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); see also Erby v. Breckon, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); Hoffman v. Breckon, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); Swindle v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of Jones."), adopted by 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), adopted by 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

Wong cannot meet the Jones requirements for use of § 2255's savings clause. Specifically, he cannot demonstrate that the conduct for which he was convicted is no longer a crime. See

6

Jones, 328 F.3d at 334. Therefore, he may not proceed under § 2241. Accordingly, jurisdiction over Wong's first claim of error is lacking. See Wheeler, 886 F.3d at 423; see also Prince v. Warden of Bennettsville Fed. Corr. Inst., No. 8:20-cv-00823, 2020 WL 3318294, at *3 (D.S.C. Mar. 23, 2020) ("Because Petitioner cannot show that the conduct for which he was convicted is no longer criminal, he cannot satisfy the second element of the savings clause test and this Court lacks jurisdiction over his Petition."), adopted by 2020 WL 3316088 (D.S.C. June 18, 2020).

### IV.

Wong's second claim fares no better. Wong argues that he is also innocent of violating 18 U.S.C. § 922(k) because he was not aware that the serial number of the weapon he possessed had been obliterated and, at trial, the Government failed to prove that he knew that the serial number had been obliterated. Pet. at 12. Wong further contends that he was in possession of the firearm for less than an hour, which did not provide him enough time to inspect the weapon and discover that the serial number was missing. Id. Wong does not appear to base his second claim on Rehaif but, rather, refers to an Eleventh Circuit opinion, United States v. Haile, 685 F.3d 1211 (11th Cir. 2012). See id.

Section 922(k) "makes it a crime for any person knowingly to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce." United States v. Sullivan, 455 F.3d 248, 261 (4th Cir. 2006). The defendant "must know of the alteration." Id. "Knowledge of defacement of the serial number may be inferred where the defendant has possessed the gun under conditions under which an ordinary man would have inspected the [firearm] and discovered the absence of a serial number." Id.; see also Haile, 685 F.3d at 1220.

In Haile, the circuit court addressed the issue of "[w]hether a conviction under § 922(k) requires the government to prove beyond a reasonable doubt that the defendant knew at the time he possessed the gun that the serial number was obliterated . . . ." 685 F.3d at 1220. After noting that the question was an "issue of first impression" in the Eleventh Circuit, the court stated that "other circuits have consistently held that knowledge of the obliterated serial number is an element of the offense." Id. (citing cases). As was the case with § 922(g), "§ 924(a)(1)(B), which governs the penalties for violations of § 922(k), applies only to knowing violations." Id. Therefore, the court concluded that "for the enhanced penalties to apply under § 922(k), [the defendant] must have possessed a gun with an obliterated serial number and known the number was obliterated." Id.

Wong argues that he and the defendant in Haile "faced an identical situation and the Court determined that there was no evidence [he] possessed the gun with the obliterated serial number long enough to discover the serial number was obliterated, [§] 922(k)'s knowledge element." Pet. at 12. Thus, he contends that just as the defendant's conviction was reversed in Haile, so, too, should Wong's conviction for violating § 922(k) be reversed. See id. at 12-13.

Returning to the Jones test, it is clear from the foregoing that Wong cannot meet the first and second prongs of that test. As the Eleventh Circuit stated, the issue was one of first impression for the court. Haile, 685 F.3d at 1220. Therefore, Wong cannot argue that "at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction," Jones, 226 F.3d at 333-34 (emphasis added), and that "subsequent to [his] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . . ," id. at 334.[4] Nor can Wong contend that

---

[4] The jury instructions in Wong's case reflected the widespread acceptance that knowledge that the serial number had been obliterated was required. The jury was instructed that it could find Wong guilty

8

the conduct for which he was convicted, possession of a weapon with an obliterated serial number, is no longer criminal, for the reasons stated above. Therefore, the court lacks jurisdiction over Wong's second claim of error. See Wheeler, 886 F.3d at 423; see also Prince, 2020 WL 3318294, at *3.

Based on the foregoing, the court concludes that it lacks jurisdiction over Wong's petition.[5]

## V.

For the reasons stated, the court will dismiss Wong's second § 2241 petition without prejudice for lack of jurisdiction. See Wheeler, 886 F.3d at 424-25 (holding that § 2255(e) is jurisdictional).

**ENTER**: This 12th day of August, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.08.12 11:52:20
-04'00'

_____
Chief United States District Judge

---

of violating § 922(k) only if it found the following facts beyond a reasonable doubt: first, that the defendant knowingly purchased a firearm in or affecting interstate commerce; second, that the manufacturer's serial number on the firearm had been removed, obliterated, or altered; and third, that the defendant knew the serial number had been removed, obliterated, or altered. Opp., Ex. 3 at 10.

[5] Based on this conclusion, the court need not address respondent's remaining arguments.